**IN THE COURT OF APPEALS OF IOWA**

No. 18-1970
Filed March 6, 2019

**IN THE INTEREST OF M.H.,**
**Minor Child,**

**M.M., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

Mark D. Reed of Marberry Law Firm, P.C., Urbandale, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Karl Wolle, Juvenile Public Defender's Office, Des Moines, guardian ad litem for minor child.

Considered by Potterfield, P.J., Bower, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's parental rights, termination is in the child's best interests, and no exceptions apply. We affirm the juvenile court's decision.

## I.     Background Facts & Proceedings

M.M., mother, and W.H., father, are the parents of M.H., born in 2016. The child tested positive for marijuana at birth, and the family voluntarily engaged in services for a period of time. New concerns arose in June 2017, and the family again became involved with the Iowa Department of Human Services (DHS). The child was removed from the parents' care on December 19, 2017, due to the parents' problems involving substance abuse, domestic violence, and mental health. The child was placed in foster care. At the time of removal, a hair test of the child was positive for methamphetamine and marijuana.

A protective order was entered on January 5, 2018, prohibiting the parents from having contact with each other. On January 18, the child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (o) (2017). The mother was inconsistent in attending visitation with the child. The parents did not participate in services, and in a permanency order, filed on June 26, the juvenile court directed the State to file a petition to terminate the parents' rights.

A petition to terminate the parents' rights was filed on July 16. On August 2, the mother entered a substance-abuse treatment program. The termination hearing was held on August 23. The mother testified she had been sober for

twenty-two days. She was also participating in parenting classes. The mother stated she had still been violating the no-contact order in July.

The juvenile court terminated the mother's parental rights under section 232.116(1)(e) and (h) (2018).[1] The court found termination was in the child's best interests. The court stated, "Mother has recently engaged in substance abuse treatment but had not demonstrated an ability to maintain her sobriety in the community." Also, "[t]he parents' lack of participation in services show an inability or unwillingness to make necessary changes to have the child placed in their care." The mother now appeals the juvenile court's order.

## II. Standard of Review

Our review of termination-of-parental-rights cases is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Where there is clear and convincing evidence, there are "no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (citation omitted). The paramount concern in termination proceedings is the best interest of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

## III. Sufficiency of the Evidence

The mother claims the State did not present sufficient evidence to support termination of her parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to

---

[1] The court also terminated the father's parental rights. He has not appealed.

terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). In this case, we will focus on section 232.116(1)(h).

The mother does not dispute the first three elements of section 232.116(1)(h)—the child is three years of age or younger, there was a CINA adjudication, and the child had been out of the parents' care for at least six months. The mother claims the State did not present clear and convincing evidence to show the fourth element, whether the child could be safely returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). She points out she was participating in a substance-abuse treatment program.

At the time of the termination hearing, the mother had only been sober for twenty-two days. Although the family became involved with DHS (for the second time) in June 2017, the mother did not begin the substance-abuse treatment program until after the petition for termination of parental rights was filed more than a year later, in July 2018. The Iowa Supreme Court has previously stated, "Time is a critical element. A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). We find the mother's efforts "are simply too late." *See id.* Furthermore, even if the mother had adequately addressed her substance-abuse problems, there were still concerns with her mental health and involvement in domestic violence that needed to be addressed. We conclude the juvenile court properly found sufficient evidence to terminate her parental rights under section 232.116(1)(h).

## IV.     Best Interests

The mother claims termination of parental rights is not in the child's best interests. She states since she entered a substance-abuse treatment program she has been making positive decisions about herself and her child. In considering a child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).

We find termination of the mother's parental rights is in the child's best interests. The mother has long-standing problems with substance abuse, domestic violence, and mental health, and she was only just beginning to take the first steps to address these problems. We also note the mother was inconsistent in attending visitation with the child. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

## V.     Exception

The mother asserts the juvenile court should have saved the parent-child relationship because it would be detrimental to the child to terminate her parental rights based on the closeness of the parent-child relationship and because she was seeking treatment. *See* Iowa Code § 232.116(3)(c), (e). "[O]nce the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section

232.116(3) . . . ." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). The factors in section 232.116(3) "are permissive, not mandatory." *Id.* at 475.

On this issue, the juvenile court stated:

> The parents have failed to present evidence to establish an exception to termination exists. After the considering the child's young age, her need for permanency, the length of time services have been offered and the parents' lack of response to those services, and her history of disputed placements, the Court finds there are no legal exceptions in Iowa Code Section 232.116(3) which would argue against termination.

On our de novo review, we conclude the juvenile court properly concluded none of the exceptions in section 232.116(3) should be applied in this case. *See id.* ("We may use our discretion, 'based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship.'" (citation omitted)).

We affirm the juvenile court decision terminating the mother's parental rights.

**AFFIRMED.**